IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FIRST JUDICIAL DISTRICT AT PRINCE OF WALES

| | |
|---|---|
| CITY OF COFFMAN COVE,<br><br>          Plaintiff,<br>v.<br><br>KINGCO, LLC et al,<br><br>          Defendants. | Filed in the Trial Court<br>State of Alaska First District<br>at Prince of Wales<br>FEB 1 2 2025<br><br>Case No. 1PW-23-00115CI |

## ORDER GRANTING MOTION TO DISMISS

The City of Coffman Cove filed a suit against Kingco, LLC, Steve Beilgard, and Constance McCurdy for trespass and municipal code violations relating to a sign the defendants installed in a municipal right of way a number of years ago. The Court granted the defendants summary judgment on these claims.

However, defendants Mr. Beilgard and Ms. McCurdy (referred to here as the "individual defendants" to distinguish them from Kingco, LLC) filed a number of counterclaims against the City of Coffman Cove and a host of other individuals. In the initial answer they asserted breach of contract, unspecified violations of federal, state, and local laws, unlawful meeting procedures, and harassment of a business. In subsequent documents they alleged a number of crimes under federal laws (theft, larceny, perjury, conspiracy), civil and criminal fraud and deception, first amendment violations, violations of the open meetings act, as well as violations of the Roberts Rules of Order.

The City has moved to dismiss pursuant to Criminal Rule 12 for failure to state a claim. For the following reasons, the Court agrees with the City and dismisses the counterclaims:

- **Breach of contract.** The documents filed by the individual defendants do not contain any facts that, if proven, would establish that a contract existed or that the individual defendants suffered any damages as the result of a breach of any

*City of Coffman Cove v. Kingco, LLC et al.*
Order Granting Plaintiff's Motion to Dismiss Counterclaims
Page 1 of 4

Case 1:25-cv-00002-SLG    Document 1-1    Filed 02/25/25    Page 1 of 4

contract. A contract requires mutual consideration—an exchange of value (money for goods or services, for example)—and the Beilgards at most pled that the City made a promise that they could erect a sign for their business and they relied on that. The Court found that the defendants were entitled to summary judgment on that theory of promissory estoppel, and there is no other agreement described in the pleadings.

- **Criminal laws.** State civil cases are not a mechanism for the enforcement of federal criminal laws. Even construing these crimes in the light of their state-recognized civil counterparts, though, there are no triable claims in the complaint.
- **Civil conversion.** Theft and larceny are the same, and correspond to the civil tort of conversion. The elements of this claim are that the claimant had the right to property, the defendant interfered with the plaintiff's possession of the property by theft, deliberate damage, or some other act, the defendant acted intentionally, and the defendant's acts substantially contributed to a loss on the part of the claimant. *Silvers v. Silvers*, 999 P.2d 786, 793 (Alaska 2000); *K&K Recycling, Inc. v. Alaska Gold Co.*, 80 P.3d 702, 717 (Alaska 2003). The individual defendants allege that the City took their sign—but did not allege any damages, and in the exhibits attached to their pleadings established that the City placed the sign in storage and stated it would be returned to the claimants at any time that was convenient.
- **Perjury.** Perjury is a criminal offense against the Court, and not one for which the individual defendants may recover.
- **Civil conspiracy.** Civil conspiracy is not an independent cause of action, it is a a theory of joint liability. For example, if two defendants conspired to commit the tort of battery and only one defendant actually engaged in conduct that would satisfy all the elements of battery, both defendants may still be held liable as a result of the conspiracy. See *Davis v. King Craig Trust*, 2017 WL 2209879 at *4 n.9 (Alaska 2017), quoting *Morasch v. Hood*, 222 P.3d 1125, 1132 (Or. App. 2009) ("Civil conspiracy is not, itself, a separate tort for which damages may be

*City of Coffman Cove v. Kingco, LLC et al.*
Order Granting Plaintiff's Motion to Dismiss Counterclaims
Page 2 of 4

Case 1:25-cv-00002-SLG    Document 1-1    Filed 02/25/25    Page 2 of 4

recovered; rather, it is a 'way in which a person may become liable for another's tortious conduct.'").

- **Civil fraud / deception** When a person asserts a civil claim for fraud,[1] the circumstances constituting the fraud must be pled with particularity. See Civ. R. 9(b). It is not sufficient to assert fraud—the claimant must identify a misrepresentation, allege with some degree of particularity who was aware of the misrepresentation, assert that the person who allegedly misrepresented a fact intended for someone else to rely on it, show that the claimant heard the misrepresentation and relied on it, and show that as a result of the reliance the claimant suffered fraud. *Asher v. Alkan Shelter, LLC*, 212 P.3d 772, 780 (Alaska 2009). This complaint does not do this.

- **First Amendment violations.** Mr. Beilgard and Ms. McCurdy also assert that their first amendment rights were violated when they were denied an opportunity to speak at a municipal meeting, which they assert is a cause of action under 42 U.S.C. § 1983. However, damages are an essential element of this claim and the Court was unable to determine what damages, if any, the defendants alleged they suffered as a result.

- **Harassment.** The individual defendants did not plead, nor has the Court been able to identify, any civil tort of harassment that would fit the facts here—nearly every civil case this Court identified involved racial or sexual harassment.

- **Open meetings act.** The open meetings act refers to AS 44.62.310, which says that all meetings of a governmental body are open to the public. Actions taken in violation of the act are voidable, but individual governmental officials may not be sued in their personal capacity. AS 44.62.310(f). It is not clear what actions the individual defendants believe the City took that would be voidable—the defendants already prevailed on the City's code enforcement action, the Court found that the sign ordinance was unconstitutionally vague, and individual council

---

[1] In addition to fraud, the individual defendants also alleged "deception," but the Court interprets this as a reiteration of fraud.

*City of Coffman Cove v. Kingco, LLC et al.*
Order Granting Plaintiff's Motion to Dismiss Counterclaims
Page 3 of 4

members may not be sued for damages. There does not appear to be anything else in the defendants' pleadings that could be litigated under this statute.
- **Roberts Rules.** The Roberts Rules of Order have no legal effect and there is no cognizable legal claim for a violation of these rules.

The individual defendants' counterclaims are dismissed pursuant to Civil Rule 12(b)(6). Because the plaintiffs claims have already been denied through summary judgment and Kingco, LLC is not pursuing any counterclaims, there are no longer any claims in this matter for which any party can recover.

Any party seeking attorneys fees under Civil Rule 82 shall file a motion and proposed judgment no later than Friday, February 21, 2025. If no such motions are received, the Court will enter a judgment reflecting that neither party shall recover from the other.

**IT IS SO ORDERED.**
Dated February 12, 2025

Daniel E. Doty
Superior Court Judge

I certify that on 02/12/25
Copies sent by AC to:

*City of Coffman Cove v. Kingco, LLC et al.*
Order Granting Plaintiff's Motion to Dismiss Counterclaims
Page 4 of 4

Case 1:25-cv-00002-SLG   Document 1-1   Filed 02/25/25   Page 4 of 4