# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CITY OF COFFMAN COVE,<br><br>            Plaintiff,<br><br>    v.<br><br>STEVE BEILGARD, CONSTANCE MCCURDY, and KINGCO, LLC,<br><br>            Defendants. | Case No. 1:25-cv-00002-SLG |

## ORDER OF DISMISSAL

On February 25, 2025, self-represented litigants Steve Beilgard and Constance McCurdy filed a civil case "per 28 U.S.C. § 1446 and Rule 8(a) of the Rules of Federal Procedure."[1] Defendants appear to be attempting to remove a state court case to federal court. Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the Courtview records of the Alaska Court System.[2]

---

[1] Docket 1 at 1 (cleaned up).

[2] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); S*ee also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

While the Court may act with leniency towards self-represented litigants, these litigants are not excused from the rules that govern court proceedings. A state court defendant may only remove to federal court a civil action over which the federal district court would have original jurisdiction.[3] To remove a state court case to federal court, a defendant must file a notice of removal in the district court of the United States for the district and division within which the state court action is pending within 30 days of receipt of the initial state court pleading.[4] Additionally, the required federal court filing fee must be paid at the time the notice of removal is filed.[5] Defendants have not paid the requiring filing fee, and therefore, this action is deficient. Ordinarily, the Court would allow time for a defendant to cure this deficiency. However, upon review, this case was not timely removed from state court, and the Court is unable to establish any independent basis for federal subject matter jurisdiction. Therefore, this case must be dismissed.

## DISCUSSION

Because removal is a purely statutory right, federal courts must strictly construe removal statutes in favor of state court jurisdiction.[6] Federal jurisdiction

---

[3] 28 U.S.C. § 1441(a).

[4] 28 U.S.C. § 1446(b).

[5] *See* 28 U.S.C. § 1914(a); *Harris v. Mangum*, 863 F.3d 1133, 1141 (9th Cir. 2017) ("Defendants were the parties who brought this case to federal court when they removed it from state court, and it was their responsibility to pay the federal filing fee[.]").

[6] *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).

must be rejected if there is any doubt as to the right of removal in the first instance.[7] When an action is removed from state court, the removing party bears the burden of demonstrating that removal is proper.[8]

Here, Defendants first entered an appearance in the state court case, *City of Coffman Cove vs. Kingco, LLC.,* Case No. 1PW-23-00115CI, in December 2023.[9] Therefore, the attempt to remove this case to federal court more than two years later is untimely.

The state court dismissed Defendants' counterclaims on February 12, 2025.[10] Then the state court denied Defendants' motion to reconsider dismissal of their counterclaims and entered a final judgment on February 25, 2025.[11] That same day Defendants filed their papers in this case. The state case has since been closed on April 4, 2025.[12]

In their notice filed with this Court, Defendants seek monetary damages under the same theories as the dismissed counterclaims and allege that the "State Courts have denied to award damages by denying any monetary damages as per

---

[7] *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir. 1979).

[8] Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

[9] *City of Coffman Cove vs. Kingco, LLC.,* Case No. 1PW-23-00115CI, Docket 12/04/2023 (Defendants' Answer and Counterclaim).

[10] Docket 1-1 at 1.

[11] *City of Coffman Cove*, Docket 02/25/2025 (Judgment).

[12] *City of Coffman Cove*, Docket 04/04/2025 (Case Dismissed. Case Closed).

Case No. 1:25-cv-00002-SLG, *City of Coffman Cove v. Beilgard, et al.*
Order of Dismissal
Page 3 of 5
Case 1:25-cv-00002-SLG     Document 3     Filed 04/14/25     Page 3 of 5

required by City, State, or Federal laws, and dismissed our State and Federal counterclaims."[13] As such, the filing may be an attempt to appeal a state court judgment.[14] But a state court defendant cannot remove a state court action or bring a lawsuit in federal court to challenge a state court decision; instead, that defendant must appeal through the state court appeals process.

In this case, Defendants did not timely file their notice of removal, have not established an independent bases for federal court jurisdiction, and improperly seek relief from an allegedly erroneous state court decision. For these reasons, the Court finds removal improper and cannot establish jurisdiction over this case. Section 1447(c) states that a district court *shall* remand a removed case when it concludes that it lacks subject matter jurisdiction. However, "[a] narrow 'futility' exception to this general [remand] rule permits the district court to dismiss an action rather than remand it if there is 'absolute certainty' that the state court would dismiss the action following remand."[15] Here, the state court docket does not reflect that Defendants filed a proper notice of removal in the state court divesting

---

[13] Docket 1 at 2.

[14] *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005) (holding the Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.") *See also Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416 (1923); *D.C. Ct. App. v. Feldman,* 460 U.S. 462, 482 (1983).

[15] *Glob. Rescue Jets, LLC v. Kaiser Found. Health Plan, Inc.*, 30 F.4th 905, 920 n.6 (9th Cir. 2022) (quoting *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1197–98 (9th Cir. 2016)).

Case No. 1:25-cv-00002-SLG, *City of Coffman Cove v. Beilgard, et al.*
Order of Dismissal
Page 4 of 5
Case 1:25-cv-00002-SLG     Document 3     Filed 04/14/25     Page 4 of 5

the state court of jurisdiction;[16] instead, the state court judgment was issued the same day the notice of removal was filed, and the state case has since been closed. Therefore, the Court finds it would be futile to remand this case back to state court and instead must dismiss this case.

IT IS THEREFORE ORDERED:

1. This case is DISMISSED with prejudice.

2. All pending motions are DENIED as moot.

3. The Clerk shall issue a final judgment and close this case.

DATED this 14th day of April, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[16] 28 U.S.C. § 1446(d).